```
                UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```
_____

| | | |
|---|---|---|
| UZOEZI IFAGBUYI | : | |
| | : | No.: 2:25-cv-7129 |
| v. | : | |
| | : | |
| WAL-MART ASSOCIATES, INC. | : | JURY TRIAL DEMANDED |

_____

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, Uzoezi A. Ifagbuyi, by her counsel, complains of defendant, Wal-Mart Associates, Inc., as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant 28 U.S.C. §1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

2. Venue in the Eastern District of Pennsylvania is appropriate because the occurrences which are the subject of this litigation occurred in this District in Montgomery County, PA.

### PARTIES

3. Plaintiff, Uzoezi A. Ifagbuyi, is an adult individual who resides at 22 Emily Court, Reading, PA 19606 and she is a citizen of the Commonwealth of Pennsylvania.

4. Defendant, Wal-Mart Associates, Inc., is a Delaware corporation with a principal place of business in Bentonville, Arkansas, and it is a citizen of both the states of Delaware and Arkansas.

## FACTS

5. In about June 2021, Plaintiff commenced working for Defendant as a Digital Team Lead on a full-time basis at Defendant's King of Prussia, PA store.

6. Plaintiff's performance and attendance was at all times excellent.

7. On or about September 20, 2025, Plaintiff suffered an injury to both shoulders while she was performing unusually heavy and repetitive lifting while on her job.

8. Plaintiff immediately reported the injury to her supervisor Osmery Leon (Store Manager).

9. Defendant was sent to a medical facility called "Concentra" to be examined.

10. Concentra returned Plaintiff back to work the same day in a full duty capacity without restrictions, and Plaintiff complained to Ms. Leon that she was unable to perform the job at full duty and needed to get a second opinion.

11. Ms. Leon instructed Plaintiff to go back to work and finish the workday because she had no restrictions and the doctor sent her back full duty.

12. Plaintiff's pain continued for the next several days and she continued to have significant problems with both shoulders while performing her job.

13. Defendant then sent Plaintiff to another medical facility called "Patient First" in Wyomissing, PA and Patient First administered steroid medication and told her to return to her job with defendant in a light duty capacity with restrictions including but not necessarily limited to lifting, pulling and stretching.

14. On October 2, 2025, Plaintiff's supervisor, Kevin W (last name unknown), in the presence of April Smith (Peoples Lead), told Plaintiff that he believed Plaintiff was being dishonest about her injury and claimed that she complained of a similar injury in 2021.

15. Plaintiff did injure her wrist when she fell down while working in about 2021, but that injury was completely unrelated to her injury to her shoulder in September 2025.

16. On October 4, 2025, Plaintiff was terminated for alleged time theft by Kevin W in the presence of Jamie (Front End Coach).

17. Plaintiff properly and timely reported the aforementioned work-related injury in September 2025 pursuant to the Pennsylvania Workers' Compensation Act, Act of 1915, P.L. 736, No. 338, as amended (hereinafter "the PWCA").

18. At all times Plaintiff complied with the PWCA and was

properly referred to medical providers and properly returned to work by the medical providers pursuant to the PWCA.

19. Plaintiff sought treatment with medical providers recommended by Defendant and which were part of Defendant's list of panel doctors for the store at which Plaintiff worked.

20. Although Plaintiff was able to return to work full-time with temporary restrictions, Defendant terminated Plaintiff simply because its agents disputed that she was injured.

21. Defendant's dispute was made in bad faith given that it is undisputed that medical professionals determined that she was injured and required restrictions.

22. At no time did Plaintiff commit "time theft" or violate any other company policy of Defendant.

23. Defendant's proffered reason for terminating Plaintiff – alleged time theft-- was mere pretext designed to mask the true unlawful reason for termination.

24. There is absolutely no proof that Plaintiff engaged in "time theft" and Plaintiff was awarded unemployment benefits despite this false claim of time theft.

25. Defendant acted intentionally and with malice, knowing that its termination of Plaintiff for false reasons would cause her to suffer severe financial harm.

COUNT 1
VIOLATION OF A CLEAR MANDATE OF PUBLIC POLICY
WORKERS' COMPENSATION RETALIATION
PLAINTIFF v. DEFENDANT

26. Plaintiff repeats paragraphs 1-25 as if more fully set forth herein.

27. The true reason Plaintiff was terminated by Defendant was because she pursued her rights under the PWCA.

28. Defendant acted by and through its agents who had authority to hire, fire, and discipline plaintiff.

29. As a direct result of defendant's unlawful termination of Plaintiff's employment, Plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost benefits and other financial losses.

30. Plaintiff has and will be engaged in earnest efforts to mitigate her damages by searching for new employment, but she has to date, and may in the future be, unsuccessful in her efforts to find equivalent employment.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 1 against Defendant for lost pay, lost benefits, other financial losses, punitive damages, and any

other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033
Fax: 215-546-6269
Date:  December 17, 2025      Attorney for Plaintiff